R. SAUNDERS WILLIAMS, W. WALTER HORNIG, AND JOHN F. TROX-
LER, JR., v. NORTH CAROLINA STATE HIGHWAY COMMISSION.

(Filed 10 June, 1960.)

**1. Highways § 1: State § 3a—**

The State Highway Commission is an agency of the State and is sub-
ject to suit only in the manner expressly authorized by statute.

**2. Easements § 1—**

The right of access to a public highway is a property right regardless
of whether the right is an easement appurtenant arising out of the
ownership of land adjacent to a highway, or whether it is an easement
arising out of contract giving the owner of land the right of access to
a highway at a particular point.

**3. Eminent Domain § 7a—**

The State Highway Commission may take property and appropriate
it to public use without instituting condemnation proceedings. In such
event the owner must pursue the prescribed remedy to recover compen-
sation for the taking of his land.

**4. Same: Eminent Domain § 2: State § 3a—**

Where the agreement between the owner and the State Highway Com-
mission for the taking of land for a limited access highway stipulates
that the owner should have access to the highway at a stipulated place,
the right of access in accordance with the agreement is a property right,
and the refusal of the Commission to allow access at the stipulated place
in accordance with the agreement constitutes a "taking" entitling the
owner to institute a special proceeding for compensation, and this remedy
being available, the owner may not maintain a civil action for damages.

APPEAL by plaintiffs from *Preyer, J.,* at November 16, 1959 Civil
Term of GUILFORD— Greensboro Division.

Civil action to recover damages for alleged breach of contract heard
upon demurrer to complaint— for that this Court does not have
jurisdiction of the action as to this defendant and for that said com-
plaint does not allege facts sufficient to constitute a cause of action
against the defendant as expressly set forth in the demurrer.

The following summarized facts are alleged in plaintiffs' com-
plaint. On November 19, 1953, John F. Clark, J. S. Clark and Hattie
Clark Lee, owners of a tract of land in Guilford County containing
approximately 71 ½ acres, executed an agreement granting to the de-
fendant a right-of-way across said tract. The agreement contained
the following language: "* * * the undersigned owners of that cer-
tain property known as * * * on State Highway Project 5404, recog-
nizing the benefits to said property by reason of the construction of
the proposed highway development in accordance with the survey

and plans proposed for the same, and in consideration of the construction of said project, hereby grants to the State Highway and Public Works Commission the right-of-way for said highway project as hereinafter described and releases the Commission from all claims for damages by reason of said right-of-way across the lands of the undersigned, and of the past and future use thereof by the Commission, its successors and assigns, for all purposes for which the Commission is authorized by law to subject such right-of-way; * * * (description of right-of-way) * * *, and in accordance with plans for said project in the office of the State Highway and Public Works Commission in Raleigh, N. C., subject to the following provisions only: * * * (description of additional right-of-way) * * * The property owners are to be paid a cash consideration of $2,500.

"It is further understood and agreed that the undersigned and their heirs and assigns shall have no right of access to the highway constructed on said right-of-way except at the following survey stations: 761 + 00 right * * *."

The project referred to in the agreement was in connection with the construction of U. S. Highway 29-70.

On 28 July, 1956, John F. Clark, J. S. Clark, and Hattie Clark Lee conveyed the aforesaid tract of land to plaintiffs.

The defendant has refused and still refuses to allow plaintiffs to enter upon U.S. Highway 29-70 at survey station 761 + 00 right. This refusal has resulted in damages to plaintiffs since the tract would be more valuable with access to the highway at the said point.

Defendant demurred to the complaint for that the Superior Court "does not have jurisdiction of this action as to this defendant and for that said complaint does not allege facts sufficient to constitute a cause of action against this defendant." After hearing the cause, upon the demurrer, the presiding judge entered an order sustaining the demurrer and dismissing the action. To the signing of the order and order as signed, the plaintiffs except and appeal therefrom to the Supreme Court, and assign error.

*Fred M. Upchurch, Booth & Osteen for plaintiffs, appellants.*
*Attorney General T. Wade Bruton, Assistant Attorney General Kenneth Wooten, Jr., Harrison Lewis, Trial Attorney, and Adams, Kleemeier & Hagan for the State Highway Commission.*

WINBORNE, C. J.  The defendant North Carolina State Highway Commission, an unincorporated governmental agency of the State, is not subject to suit except in the manner expressly authorized by sta-

tute. *Latham v. Highway Comm.*, 191 N.C. 141, 131 S.E. 385; *Mc-Kinney v. Highway Comm.*, 192 N.C. 670, 135 S.E. 772; *Schloss v. Highway Comm.*, 230 N.C. 489, 53 S.E. 2d 517; *Moore v. Clark*, 235 N.C. 364, 70 S.E. 2d 182; *Cannon v. Wilmington*, 242 N.C. 711, 89 S.E. 2d 595.

The authorized manner of suit against the Highway Commission to recover compensation for the taking of property is by a special proceeding in condemnation under G.S. 136-19, and G.S. 40-12 *et seq.* There is an exception to the above rule where "private property is taken under circumstances such that no procedure provided by statute affords an applicable or adequate remedy." Under these circumstances, "the owner, in the exercise of his constitutional rights, may maintain an action to obtain just compensation therefor." *Cannon v. Wilmington, supra; Sale v. Highway Comm.*, 242 N.C. 612, 89 S.E. 2d 290. However the exception has no application here.

This Court said in *Sanders v. Smithfield*, 221 N.C. 166, 19 S.E. 2d 630, that the owner of abutting property has the right of egress from and ingress to his property, that this right is in the nature of an easement appurtenant to the property, that the easement itself is property, and that interference with the easement by vacating or closing a street under circumstances resulting in depreciation of the value of the abutting property is considered *pro tanto* a taking of the property (easement) for which compensation must be allowed.

An abutting landowner's right of access to a public highway adjacent to his property is in the nature of an easement appurtenant to his property. *Hedrick v. Graham*, 245 N.C. 249, 96 S.E. 2d 129. In the *Hedrick* case this Court held that the State Highway Commission has statutory authority "to exercise the power of eminent domain to condemn or severely curtail an abutting landowner's right of access to a State public highway adjacent to his property for the construction or reconstruction, maintenance and repair, of a limited-access highway upon the payment of just compensation."

The Highway Commission is not required to bring a special proceeding against the owner for the condemnation of private property prior to taking it, but may actually take the property and appropriate it to public use. *Moore v. Clark, supra; Gallimore v. Highway Com.*, 241 N.C. 350, 85 S.E. 2d 392. When this is done the property owner is entitled to just compensation but he must pursue the prescribed remedy.

Plaintiffs in their brief concede that the remedy for the taking of an easement is a special proceeding in condemnation. However they argue that they had no property right which could be taken here,

but that they had a contractual right which was not subject to condemnation. A similar point was argued in *Long Island Water Supply Co. v. Brooklyn*, 166 U.S. 685, 41 L. Ed. 1165, where plaintiff had a twenty-five year contract with the city to supply it water and the city acquired plaintiff's water supply system by condemnation. In response to the argument that the taking was improper because it interfered with a contract right the court said "it (the argument) ignores the fact that the contract is a mere incident to the tangible property; that it is the latter which, being fitted for public use, is condemned * * * it still is true that the contract is not the thing which is sought to be condemned, and its impairment, if impairment there be, is a mere consequence of the appropriation of the tangible property." The fact that plaintiffs' right of access arose out of an agreement and a deed does not prevent its being a property right. Indeed, defendant's right-of-way was created by agreement, but it is nonetheless a property right.

The defendant has authority by virtue of G.S. 136-19 to acquire rights-of-way by purchase. *Sale v. Highway Comm.*, 238 N.C. 599, 78 S.E. 2d 724. The right-of-way agreement involved here embodies a purchase which vests in the State Highway and Public Works Commission a right-of-way over certain specifically described land, the abutting owners' right of access except at one specific point, and other incidental rights not pertinent to this appeal. The agreement provided the owners $2500 cash, a highway constructed across their land, and a right of access at survey station 761 + 00 right. This right of access was an easement, a property right, and as such was subject to condemnation. Defendant's refusal to allow plaintiffs to enter upon the highway at the point of the easement constituted a taking or appropriation of private property. For such taking or appropriation, an adequate statutory remedy in the nature of a special proceeding is provided. Plaintiff's complaint having stated a civil action, the demurrer thereto was properly sustained.

Affirmed.