STATE HIGHWAY COMMISSION v. RALEIGH FARMERS MARKET, INC., RALEIGH SAVINGS & LOAN ASSOCIATION, AND L. N. WEST AND WIFE, BETSEY JOHN H. WEST.

(Filed 29 January, 1965.)

**1. Eminent Domain § 7a—**

Controversy between the parties whether upon the facts of the particular case the limitation of access to a highway constituted a "taking" for which compensation must be paid presents a question of law and of fact for the court. G.S. 136-108.

**2. Eminent Domain § 2—**

A property owner has a right to reasonable access to a public highway which abuts his land and such right of access cannot be taken from him without compensation, nevertheless such right of access must be exercised with due regard for the safety of others, G.S. 20-156(a), and if the abutting owner is afforded reasonable access he is not entitled to compensation merely because the limitation of access necessitates circuity of travel to reach a particular destination.

**3. Same—**

Defendants' land was, for practical purposes divided into two tracts by a railroad spur track. The construction of a limited access highway to the north of the land did not affect the access to the highway from the southern part, but as to the northern part access to the highway could be obtained only by the construction of a road some three thousand feet in length. *Held:* The construction of the limited access road substantially reduced access from the northern portion to a public way and constituted a "taking" for which compensation should be paid.

APPEAL by defendant, Raleigh Farmers Market, Inc., from *Martin*, S.J., July 27, 1964 Civil Session of WAKE.

Plaintiff instituted this action in May 1961 for the purpose of acquiring property rights necessary for the construction of a controlled access highway—a portion of the Belt Line around Raleigh. The portion of the Belt Line here involved was completed prior to July 1964.

Prior to the construction of the Belt Line, Raleigh Farmers Market, Inc. (Farmers) owned an area containing 79 acres. It had, to use the language of counsel for appellee, the appearance of a reversed L.

Race Track Road, a public highway 60 feet in width, began in U. S. 1-A. It ran eastwardly approximately 2000 feet, then turned northwardly and led to the race track, private property, where the road terminated. A portion of Farmers northern boundary, from Farmers northwest corner to the turn going to the race track, was Race Track Road. This distance is approximately 1050 feet. The remaining portion of the northern boundary of Farmers property, approximately 950 feet, is the southern line of another property owner. The right of way of Seaboard Air Line Railroad is the eastern boundary of Farmers land, and Crabtree Creek is the southern boundary. U. S. 1-A and the eastern line of other property owners constitutes Farmers western boundary. The distance from Farmers southwest corner, the junction of Crabtree Creek and U. S. 1-A, to the southwest corner of Sunshine Biscuit, Inc. is 1383 feet. The distance along U. S. 1-A from Sunshine's southwest corner to the former junction of Race Track Road and U. S. 1-A is approximately 2050 feet.

Plaintiff took complete control over .192 acres at the northwest corner of Farmers property. Plaintiff concedes its obligation to pay compensation, as prescribed by G.S. 136-112(2), for this small area.

The controlled access road (Belt Line) covers all of what was Race Track Road to a point approximately 700 feet east of Farmers northwest corner, and all of said road north of Farmers northern boundary. Property owners abutting the south side of Race Track Road are now deprived of the right to reach U. S. 1-A, or the race track, as they had the right to do prior to the construction of the Belt Line.

The parties disagreed with respect to Farmers right to compensation because prevented from using Race Track Road. To resolve this question, they requested the court to settle the issues, as prescribed by G.S. 136-108.

The court directed the appointment of commissioners to fix the damages resulting from the appropriation of the .192 acres; and adjudged "that the appropriation or control of abutters' access is non-compensable in that defendants have reasonable access to their said property and they are entitled to recover no damages for any loss of access."

*Manning, Fulton & Skinner and Jack P. Gulley for defendant appellant.*

*Attorney General Bruton, Assistant Attorney General Lewis, Trial Attorney Rosser; Young, Moore & Henderson by Associate Counsel J. Allen Adams.*

RODMAN, J. Plaintiff does not challenge, as premature, the appeal from the order purporting to settle the issues. Each party offered evidence to support its position on the question of compensation because of the closing of Race Track Road. In substance, the action of the parties amounted to a waiver of a jury trial, and the order was equivalent to a nonsuit with respect to Farmers prayer for affirmative relief.

Since the question we are asked to answer must ultimately be presented, and is in such form that an answer may be helpful to plaintiff in the performance of its duties in laying out other roads, we do not, *sua sponte*, question the right to an immediate appeal.

The language used by the court in denying compensation for the termination of Farmers right of access to a highway constituting a boundary of its property, and the argument advanced by plaintiff to support the court's conclusion, evidences, we think, a misapprehension of the scope and effect of recent decisions by this Court.

Repeated decisions by this Court have established the right of a property owner to reasonable access to a public highway which abuts his land. That is a property right which cannot be taken without compensating the owner. *Snow v. Highway Commission,* 262 N.C. 169, 136 S.E. 2d 678; *Moses v. Highway Commission,* 261 N.C. 316, 134 S.E. 2d 664; *Abdalla v. Highway Commission,* 261 N.C. 114, 134 S.E. 2d 81;

*Williams v. Highway Commission,* 252 N.C. 772, 114 S.E. 2d 782; *Hedrick v. Graham,* 245 N.C. 249, 96 S.E. 2d 129; *Sanders v. Smithfield,* 221 N.C. 166, 19 S.E. 2d 630; *Long v. Melton,* 218 N.C. 94, 10 S.E. 2d 699; *Glenn v. Board of Education,* 210 N.C. 525, 187 S.E. 781; *Crawford v. Marion,* 154 N.C. 73, 69 S.E. 763; *White v. R. R.,* 113 N.C. 611, 18 S.E. 330.

The property owner's right of access should not be confused with the right of the sovereign, in the interest of public safety, to regulate the flow of traffic and the manner of access. Illustrative of the power of the sovereign, for these purposes, are statutes prescribing the side of the road the traveler must use, G.S. 20-146; permissible speed, G.S. 20-141; size of vehicles and equipment they must have, G.S. 20-116, 122, 124, 129; limiting travel on parts of a highway to a particular direction, G.S. 20-165.1.

While the abutting owner has a right of access, the manner in which that right may be exercised is not unlimited. It must be exercised with due regard to the safety of others who have an equal right to use the highway, G.S. 20-156(a). To protect others who may be using the highway, the sovereign may restrict the right of entrance to reasonable and proper points. *Snow v. Highway Commission, supra; Moses v. Highway Commission, supra; Abdalla v. Highway Commission, supra; Barnes v. Highway Commission,* 257 N.C. 507, 126 S.E. 2d 732.

If the abutting owner is afforded reasonable access, he is not entitled to compensation merely because of circuity of travel to reach a particular destination. *Snow v. Highway Commission, supra; Moses v. Highway Commission, supra; Barnes v. Highway Commission, supra.*

The rules enunciated by this Court to measure the rights of property owners, when the Highway Commission acts to promote safe and expeditious travel, accord, we think, with conclusions reached by a substantial majority of the courts in other jurisdictions, concurring opinion of Currie, J., in *Nick v. State Highway Commission,* 109 N.W. 2d 71; *Warren v. Iowa State Highway Commission,* 93 N.W. 2d 60; *Tift County v. Smith,* 131 S.E. 2d 527; Petition of Burnquist, 19 N.W. 2d 394; *Nichols v. Commonwealth,* 121 N.E. 2d 56; *In Re Appropriation of Easement for Highway Pur.,* 112 N.E. 2d 411.

Plaintiff contends it should not be required to pay for the denial of access to Race Track Road, since the only purpose of that road was to furnish Farmers and other abutting owners access to U. S. 1-A, an access presently existing. To support this contention, plaintiff cites *Smith v. Gagliardi,* 148 N.Y.S. 2d 758, where it is said: "The rule, to which the courts of this state are committed, is that, where private property has means of access by way of two public streets or highways, the state or local authorities, having jurisdiction, may close or do away

with one of them without compensation to the landowner provided the other furnishes him with suitable means of access to his property."

The rule as there stated may, because of the requirement of *suitable access*, produce the same result as the rule stated in *Snow v. Highway Commission, supra*. Here, it is, we think, apparent that Farmers access to U. S. 1-A has been substantially diminished. True, the southern portion of the tract has the same access as it had prior to the construction of the Belt Line; but that is not true as to the northern portion.

Farmers was, prior to the construction of the Belt Line, obligated to build a spur track from the Seaboard Air Line Railroad to the property east of U. S. 1-A, and north of Farmers property fronting on that road. This spur, for practical purposes, divides the 79 acre tract into two parcels, one south, the other north of the spur. The southern portion, which fronts on U. S. 1-A, has not been affected by the construction of the Belt Line, but the northern portion, which formerly had access to U. S. 1-A by means of the Race Track Road, can now reach U. S. 1-A only by the construction of a road 3000 feet or more in length. The construction of such a road, by reason of the terrain, will be very expensive. The closing of the Race Track Road has substantially reduced the access heretofore enjoyed by Farmers. Farmers is entitled to compensation for the property rights taken.

The Legislature, recognizing the constitutional right of a property owner to compensation when his right of access has been taken, said: "When an existing street or highway shall be designated as and included within a controlled-access facility the owners of land abutting such existing street or highway shall be entitled to compensation for the taking of or injury to their easements of access." G.S. 136-89.53.

Reversed.