STATE HIGHWAY COMMISSION v. RALEIGH FARMERS MARKET, INC., RALEIGH SAVINGS & LOAN ASSOCIATION, AND L. N. WEST AND WIFE, BETSEY JOHN H. WEST.

(Filed 24 March, 1965.)

**1. Appeal and Error § 53—**

A petition to rehear may be granted in order to clarify a decision of the court which the parties concerned misconstrue.

**2. Appeal and Error § 59;　　Eminent Domain § 7a—**

Decision of the Supreme Court that whether the act of the Highway Commission amounted to a "taking" of a property right by eminent domain presented on the record a question of law and fact for the court, does not purport to impair either party's right to jury trial on the other issues.

ON rehearing.

*Attorney General Bruton, Assistant Attorney General Lewis, Trial Attorney Rosser; Young, Moore & Henderson by Associate Counsel J. Allen Adams for the State.*

*Manning, Fulton & Skinner and Jack P. Gulley for defendant appellant.*

RODMAN, J. The opinion in this cause, filed January 29, 1965, is reported 263 N.C. 622, 139 S.E. 2d 904.

In apt time, plaintiff and Farmers filed a petition to rehear. Rehearing was requested because, in the opening paragraph of the opinion, it is said: "In substance, the action of the parties amounted to a waiver

of a jury trial * * *." The petition was allowed "for clarification of opinion with respect to right of trial by jury."

An order which does nothing more than settle the issues is interlocutory. An appeal from such an order is premature. *DeBruhl v. Highway Com.*, 241 N.C. 616, 86 S.E. 2d 200. The sentence containing the quoted language was inserted merely to show that the appeal should be considered as within the spirit, if not the letter, of G.S. 1-277. It was not intended to limit, nor has either party's right to jury trial been impaired by what was said.

The conclusion heretofore reached is

Reaffirmed.