KENCO PETROLEUM MARKETERS, INC., v. STATE HIGHWAY
COMMISSION.

(Filed 3 February, 1967.)

1. Highways § 5—
    The State Highway Commission has authority to construct controlled access highways and to forbid the construction or use of a driveway affording direct access to the highway from adjoining property when such access would be an obstruction to the free flow of traffic or a hazard to the safety of travelers upon the highway. G.S. 136-89.49, G.S. 136-89.51.

2. Same;  Eminent Domain § 1—
    Where the denial by the State Highway Commission of access to a limited access highway does not involve the taking or destruction of a property right, the owner of land diminished in value by such limitation of access is not entitled to compensation; if the limitation of access involves a taking or destruction of a preexisting property right, the owner of the land is entitled to compensation for its taking or destruction, the remedy being by proceedings under Chapter 136 of the General Statutes.

3. Same—
    Where the Highway Commission, by agreement for compensation for the taking of a part of a tract of land, stipulates the right of such owner to access to the highway, the right of access as to the owner and his grantees by mesne conveyance are governed by the stipulations.

4. Same—
    Direct access from plaintiff's land to a ramp is direct access to the highway, since the ramp is a part of such highway.

5. Same—  Right to access to road and thence along such road some distance to a ramp, is deprivation of direct access to highway.
    The agreement between the owner and the Highway Commission for a taking of a part of land stipulated that the owner should have no right of access to the highway except at a designated survey station. The Highway Commission denied direct access at the designated survey station, leaving access from the land to the highway by way of a driveway to a street or road and thence along such street or road 300 feet to a ramp, entering the highway at the designated survey station, thus giving the land owner access enjoyed by the public in general. Held: The agreement for access, in order to have any meaning, must perforce contemplate direct access by the owner to the highway or to a ramp at or near the designated survey station, and the denial of such direct access constitutes a taking, either of an easement appurtenant or of a right con-

ferred by the agreement, entitling the owner or those claiming under him to compensation.

APPEAL by plaintiff from *Clark, S.J.,* at the 1 August 1966 Non-jury Session of GUILFORD, Greensboro Division.

This is a proceeding brought under the provisions of Chapter 136 of the General Statutes to recover damages for the refusal by the defendant to permit the plaintiff to construct a driveway giving direct access from the plaintiff's property to U. S. Highway 29-70 Bypass, hereinafter called the highway. The complaint prays that the court appoint commissioners to determine the amount of compensation which the defendant should pay and that such compensation be awarded.

The complaint alleges that through *mesne* conveyances from Mildred J. Shelton the plaintiff became the owner of a tract of land which abuts upon the right of way of the highway. Although this is denied in the answer for lack of information and the evidence, submitted for the consideration of the court by agreement, is not sufficient to establish the chain of title from Mrs. Shelton to the plaintiff, it is conceded in the brief of the defendant that the plaintiff is the owner of the land. We, therefore, treat this as a fact for the purposes of this appeal.

The land in question is an irregularly shaped tract of slightly more than four acres. Its southern boundary abuts on the right of way of the highway. Its northeast boundary abuts on Kivett Drive, which crosses the highway at an overpass. The eastern boundary of the land follows the curve of a ramp upon which traffic moves from Kivett Drive down to and onto the southwestbound lanes of the highway.

The plaintiff has permission from the Highway Commission to construct driveways in the boundary of its land upon Kivett Drive, thus affording ingress and egress to and from its property by way of Kivett Drive. Thus, a vehicle at the south boundary of the plaintiff's land could proceed over the plaintiff's land northeast to Kivett Drive, approximately 400 feet, then turn right on Kivett Drive, go along it approximately 300 feet in a southeasterly direction and then go down the ramp in a southwesterly direction to the highway, reaching it in the vicinity of a point known as "Station 350+00." It appears that ingress from the highway to the plaintiff's property can be had only by other ramps leading from the highway up onto Kivett Drive and thence along Kivett Drive to the plaintiff's driveway.

On 13 February 1952, Mildred J. Shelton, the plaintiff's predecessor in title, and the Highway Commission entered into a "Right of Way Agreement." By this she, "recognizing the benefits to said

property by reason of the construction of the proposed highway development in accordance with the survey and plans proposed for the same," granted to the Commission a right of way "for said highway project," and released the Commission from all claims for damages "by reason of said right of way across the lands" of Mrs. Shelton. This agreement described the right of way in terms of width at designated survey stations "as shown in said survey, and in accordance with plans for said project in the office of the State Highway and Public Works Commission." For the purposes of this appeal, it is assumed that those plans disclosed the above mentioned ramps, reference being made in the agreement to "the connecting ramps in the southwest and southeast quadrant." The agreement between Mrs. Shelton and the Commission stated:

> "It is further understood and agreed that the undersigned and their heirs and assigns shall have no right of access to the highway constructed on said right of way except at the following survey stations: 350 + 00."

On 8 October 1964 the plaintiff requested permission of the Commission to construct a driveway giving access from its property to the highway "at station 350+00."

On 4 December 1964 the Commission adopted a resolution reciting that to permit direct access from the plaintiff's land to the highway at survey station 350+00 would be "very hazardous to the traveling public," and that reasonable access from the plaintiff's land to the highway at such survey station was afforded by Kivett Drive and the above mentioned ramps. The resolution, therefore, provided, "IT IS HEREBY RESOLVED AND ORDAINED that the controverted access point * * * be eliminated under the police powers of the Commission * * * and that access to U. S. Highways 29 and 70 be permitted only by use of the ramp entrances leading from Kivett Drive into U. S. Highways 29 and 70."

The superior court, "being of the opinion from the evidence that the plaintiff is not entitled to direct access to Highway 29 & 70 Bypass at Station 350+00," adjudged that the plaintiff is not entitled to have commissioners appointed as provided in G.S. 136-109 and ordered the action to be dismissed.

*Walser, Brinkley, Walser & McGirt for plaintiff appellant.*
*Attorney General Bruton, Deputy Attorney General Lewis, Assistant Attorney General McDaniel and Seymour, Rollins & Rollins for defendant appellee.*

LAKE, J.   U.S. Highway 29-70 Bypass, at the location in question on this appeal, is a controlled access facility. G.S. 136-89.49(2).

There can be no doubt of the authority of the State Highway Commission, upon its finding that the construction and use of a driveway, affording direct access from adjoining property onto such highway, would be or is an obstruction to the free flow of traffic thereon, or a hazard to the safety of travelers upon the highway, to forbid the construction of the driveway or to prohibit its further use. G.S. 136-89.51; *Hedrick v. Graham,* 245 N.C. 249, 96 S.E. 2d 129. It is equally clear that when the Commission, in the interest of the public safety, convenience and general welfare, without the taking or destruction of a property right, regulates the right to enter upon or to proceed along such a highway, the owner of land which is thereby diminished in value, such as by the diminution in volume of traffic upon the highway in front of it, is not entitled to compensation. *Wofford v. Highway Commission,* 263 N.C. 677, 140 S.E. 2d 376. Conversely, if such action by the Commission is a taking or destruction of a preexisting property right, the owner of such right is entitled to compensation for its taking or destruction. *Hedrick v. Graham, supra.* In the latter event, the remedy of such property owner is by a proceeding under Chapter 136 of the General Statutes. This is the remedy sought by the plaintiff in the present proceeding.

In determining whether the plaintiff had a property right which has been taken or destroyed by the resolution of the Highway Commission, we are not controlled by the provision in G.S. 136-89.52 that "Along new highway locations abutting property owners shall not be entitled, as a matter of right, to access to such new locations: however, the denial of such right of access shall be considered in determining general damages." This statute was not enacted until 1957, four years after the right of way agreement between the Commission and the plaintiff's predecessor in title. It is also not necessary for us to determine upon this appeal what would have been the rights of the parties without such agreement. The agreement was made and the rights of the parties are fixed thereby, the plaintiff having the rights of its predecessor in title and no others. *Abdalla v. Highway Commission,* 261 N.C. 114, 134 S.E. 2d 81. We turn, therefore, to the construction of the following provision in that agreement:

> "It is further understood and agreed that the undersigned and their heirs and assigns shall have no right of access to the highway constructed on said right of way except at the following survey stations: 350+00."

The identical language was used in the right of way agreement involved in *Williams v. Highway Commission,* 252 N.C. 772, 114 S.E. 2d 782, where the Court, speaking through Winborne, C.J., said:

"The agreement provided the owners $2500 cash, a highway
constructed across their land, and a right of access at survey
station 761+00 right. This right of access was an easement, a
property right, and as such was subject to condemnation. De-
fendant's refusal to allow plaintiffs to enter upon the highway
at the point of the easement constituted a taking or appropria-
tion of private property. For such taking or appropriation, an
adequate statutory remedy in the nature of a special proceed-
ing is provided."

If the Commission, by its resolution, has deprived the plaintiff
of a right reserved by or conferred upon the plaintiff's predecessor
in title by her agreement with the Commission, the plaintiff is en-
titled to maintain this proceeding and to the appointment of com-
missioners to ascertain its damages as provided in Chapter 136 of
the General Statutes.

The agreement in this case refers to the plans in the office of the
Commission and to "connecting ramps." The parties must, therefore,
be deemed to have had in mind the construction of such ramps when
they agreed that the plaintiff's predecessor in title, her heirs and
assigns, would have a right of access to the highway at survey sta-
tion 350+00. The Commission now contends that they must be
deemed to have meant by the above quoted provision that the owner
of the plaintiff's land would have the right to descend the ramp
from Kivett Drive and thus enter upon the south or westbound
lanes of Highway 29-70. Since all the world has this right, such a
construction of the agreement between this landowner and the Com-
mission would be most unreasonable. Such construction would give
to the landowner no greater right of access than he would have had
if there had been omitted entirely from the agreement the words
"except at the following survey stations: 350+00." These words in
the agreement meant something. It was intended thereby to leave
in or confer upon the landowner a right of access which the gen-
eral public did not have, and which the landowner would not have
had if the excepting phrase had been omitted from the agreement.
It will be observed that the agreement in this case did not provide,
as did the agreement in *Abdalla v. Highway Commission, supra,*
"grantors * * * shall have no right of access to the highway con-
structed on said right of way except *by way of service roads and
ramps* built in connection with this project in the vicinity of survey
stations 0+00." (Emphasis added.)

We think the plain meaning of the agreement between the Com-
mission and Mrs. Shelton is that she surrendered whatever claim
she, and her successor in interest, might otherwise have to a direct
access to Highway 29-70 at other points along the southern bound-

ary of this tract in exchange for a cash consideration and a reservation or grant of a right of direct access "to the highway constructed on said right of way" at the designated point. The amount of the cash consideration paid to Mrs. Shelton was unquestionably affected by the insertion of this provision in the agreement.

The ramp is part of such highway. See *Moses v. Highway Commission,* 261 N.C. 316, 134 S.E. 2d 664. Direct access from the plaintiff's land to the ramp is, therefore, a compliance with the provision of the agreement between the Commission and Mrs. Shelton.

This right of direct access from the plaintiff's land to the highway, whether it existed prior to the agreement or was created by it, was an easement appurtenant to the plaintiff's land and was a private property right in the plaintiff, over and above the plaintiff's right, as a member of the public, to use this ramp as a means of getting to the southwestbound lanes of the highway. See: *Highway Commission v. Farmers Market,* 263 N.C. 622, 139 S.E. 2d 904; *Wofford v. Highway Commission, supra; Snow v. Highway Commission,* 262 N.C. 169, 136 S.E. 2d 678; *Abdalla v. Highway Commission, supra; Williams v. Highway Commission, supra; Hedrick v. Graham, supra.* While the owner of land abutting upon a highway does not have a right of direct access thereto at all points at which his land touches the highway right of way, and the Commission, nothing else appearing, can determine the point at which such access right shall be exercised so long as its determination is reasonable, this does not apply where the parties have by their agreement fixed the point of access. In *Abdalla v. Highway Commission, supra,* in which there was a right of way agreement specifying the place and manner of such access, this Court said, "The rights of the parties are fixed and controlled by the right of way agreement."

The plaintiff, by virtue of the agreement between the Commission and his predecessor in title, had an easement for direct access to the highway at the designated point. This property right the Commission has destroyed. It was authorized to do so in the public interest, but for such a taking of its property the plaintiff is entitled to compensation. The statute provides for the appointment of commissioners to determine the compensation to be paid. G.S. 136-89.52; G.S. 136-109.

The court erred in its decree that the plaintiff is not entitled to have such commissioners appointed, and in dismissing the action. The judgment of the superior court is, therefore, reversed and the matter is remanded for the entry of an order in conformity with this opinion.

Reversed and remanded.