NORTH CAROLINA STATE HIGHWAY COMMISSION v. CORRINE ALLEN RANKIN AND HUSBAND, LEONARD RANKIN

No. 6817SC244

(Filed 25 September 1968)

1. Appeal and Error §§ 26, 28— effect of exception to judgment — effect of failure to except to findings of fact

   An exception to the judgment does not present for review the findings of fact or the evidence on which they are based; when there is no exception to the findings of fact by the court, the facts found will be assumed correct and supported by the evidence.

2. Appeal and Error § 26— effect of exception to judgment

   An exception to the judgment raises two questions of law, (1) whether the facts found are sufficient to support the conclusions of law and the judgment, and (2) whether there is error appearing on the face of the record proper.

**3. Appeal and Error § 57— findings appealable — mixed questions of law and fact**

Findings which present mixed questions of law and fact are reviewable on appeal.

**4. Eminent Domain § 7— highway condemnation — issues determined by court**

In a proceeding to condemn land for highway purposes, the court has authority under G.S. 136-108 to make a determination of fact and law as to whether defendants have suffered a loss of direct access to the highway system which would entitle them to compensation.

**5. Eminent Domain § 2— reasonable access to highway — service road**

Defendants have reasonable access to the primary highway system and are not entitled to compensation for loss of direct access to a main highway which was changed to a controlled access road where a paved service road extends across the entire front of defendants' property to a point .7 of a mile south of their property at which there is an entrance and access to both the northbound and southbound lanes of the main highway, defendants not being entitled to compensation merely because of the circuity of travel necessary to reach the main highway.

**6. Eminent Domain § 2— reasonable access to highway — service road**

When property owners are given access to the main highway by means of a service road abutting their property, the fact that the main highway is changed into a nonaccess highway does not constitute a "taking" of property either in depriving the owners of direct access to the highway or in diminishing the flow of traffic having direct access to their property, the inconvenience resulting from the necessity of using a more circuitous route and any diminution in value to such property being incident to the exercise of the police power and *damnum absque injuria.*

APPEAL by defendants from *Godwin, S.J.,* 4 March 1968 Session of Superior Court of ROCKINGHAM County.

This is a proceeding for condemnation of the described lands for highway purposes, instituted on 29 July 1966. Defendants, by failing to deny, admit all of the allegations in the complaint. By way of further answer, defendants assert that they are entitled to damages for the denial of direct access to the highway. Plaintiff asserts that defendants' property is served by a service road and that they have not been denied direct access.

Immediately prior to the taking, defendant Corrine Allen Rankin, whose husband is defendant Leonard Rankin, owned a 5.46-acre tract of land in Rockingham County with frontage and direct access to U. S. Highway #29 along the entire western margin of the property, a distance of 150.09 feet. After the taking U. S. Highway #29 became a controlled access road. Defendants' property, after the taking, consisted of 5.43 acres with frontage of 151.11 feet on a paved

service road running parallel with the northbound lane of U. S. Highway #29. This service road leads to an entrance to the north and southbound travel lanes of U. S. Highway #29. This entrance is located approximately seven-tenths of a mile South of defendants' property. This service road extends North of defendants' property a distance of approximately seven or eight hundred feet where it dead-ends.

At a hearing to determine the issues, as provided in G.S. 136-108, Judge Godwin concluded, among other things, after hearing the evidence that the establishment of a paved service road across the entire western front of the property of the defendants, with access thereon to the primary highway system at a point approximately seven-tenths of a mile South of their property, is reasonable access and does not constitute a taking of the right of direct access to the highway system. The defendants excepted to this conclusion and to the signing of the order and gave notice of appeal.

*Attorney General Thomas Wade Bruton, Deputy Attorney General Harrison Lewis, Trial Attorney Robert G. Webb, and Benjamin R. Wrenn, Associate Counsel, for plaintiff appellee.*

*McMichael & Griffin by Jule McMichael for defendant appellants.*

MALLARD, C.J.

Defendants make two assignments of error based upon two exceptions. The first is to the finding that the taking was not a denial of reasonable access, reached by Judge Godwin. The defendants' second exception is to the order signed after the hearing to determine the issues.

[1, 2]   There was no exception taken to the findings of fact. "An exception to the judgment does not present for review the findings of fact or the evidence on which they are based. . . . When there is no exception to the findings of fact by the court, the facts found will be assumed correct and supported by the evidence. . . ." 1 Strong, N. C. Index 2d, Appeal and Error, § 28. It is also well settled that an exception to the judgment raises two questions of law, (1) whether the facts found are sufficient to support the conclusions of law and support the judgment and (2) whether there is error appearing on the face of the record proper. 1 Strong, N. C. Index 2d, Appeal and Error, § 26.

Defendants' assignment of error number one is to the following finding:

"That the establishment of a paved service road across the entire western front of defendants' property with access to the primary highway system at a point approximately .7 of a mile South of defendants' property is reasonable access and does not constitute taking and the defendants are not to be compensated for any loss of direct access to the Highway system."

[3, 4]    Although the court in its order stated, with respect to the above finding, "the Court concludes as a matter of law," it is a mixed question of law and fact and is subject to review on appeal. *Brown v. Board of Education*, 269 N.C. 667, 153 S.E. 2d 335. It was proper for the judge under G.S. 136-108 to make such a determination of fact and law. The facts in this mixed question of law and fact are supported by the evidence. The findings support the conclusion of law. In *Highway Commission v. Nuckles*, 271 N.C. 1, 155 S.E. 2d 772, there is a good discussion by Justice Sharp of the law applicable to the taking of access in highway eminent domain cases.

[5]    Appellants contend that the trial court committed error in holding that access to U. S. Highway #29 at a point approximately seven-tenths of a mile South of defendants' property is reasonable access. Appellants argue that the construction of an entrance from the service road only at the south end does not give appellants reasonable access.

In *Highway Commission v. Farmers Market*, 263 N.C. 622, 139 S.E. 2d 904, the Supreme Court said:

"If the abutting owner is afforded reasonable access, he is not entitled to compensation merely because of circuity of travel to reach a particular destination."

The main question involved in the case under consideration is that of reasonable access. We are of the opinion that the paved service road extending seven or eight hundred feet North of and seven-tenths of a mile South of defendants' property, where there is an entrance and access at this southern point to both the north and southbound lanes of U. S. Highway #29, is reasonable access. The defendants are therefore not entitled to compensation for the loss of direct access to Highway #29 where the highway abuts their property.

[6]    The principle of law involved herein is stated as follows in 3 Strong, N. C. Index 2d, Eminent Domain, § 2:

"When plaintiffs are given access to the main highway by means of a service road abutting their property, the fact that the main highway is changed into a nonaccess highway does not

constitute a 'taking' of plaintiffs' property, either in depriving plaintiffs of direct access to the highway or in diminishing the flow of traffic having direct access to plaintiffs' property, the inconvenience resulting from the necessity of using a more circuitous route and any diminution in value to plaintiffs' property being incident to the exercise of the police power and damnum absque injuria."

Defendants cite the case of *Realty Co. v. Highway Commission*, 1 N.C.App. 82, 160 S.E. 2d 83, as authority for their contentions herein. That case is distinguishable from the case under consideration. The Realty Company case involved the interpretation of a right-of-way agreement which granted to the property owner the right of access at a specific point on the highway. This Court there held:

"The petitioner, by virtue of the agreement between the Highway Commission and its predecessors in title, had an easement for direct access to the highway at the designated point. If the Commission has destroyed this property right, the petitioner is entitled to just compensation for any damage it may have suffered."

We have examined the record herein and find no prejudicial error appearing on the face of the record. The findings of fact and conclusions of law support the order entered herein.

Affirmed.

CAMPBELL and MORRIS, J., concur.