163 S.E.2d 302 (1968)
2 N.C. App. 352
NORTH CAROLINA STATE HIGHWAY COMMISSION
v.
Corrine Allen RANKIN and husband, Leonard Rankin.
No. 6817SC244.
Court of Appeals of North Carolina.
September 25, 1968.
*303 Thomas Wade Bruton, Atty. Gen., Harrison Lewis, Deputy Atty. Gen., Robert G. Webb, Trial Atty., and Benjamin R. Wrenn, Associate Counsel, Reidsville, for plaintiff appellee.
McMichael & Griffin, by Jule McMichael Reidsville, for defendants appellants.
MALLARD, Chief Judge.
*304 Defendants make two assignments of error based upon two exceptions. The first is to the finding that the taking was not a denial of reasonable access, reached by Judge Godwin. The defendants' second exception is to the order signed after the hearing to determine the issues.
There was no exception taken to the findings of fact. "An exception to the judgment does not present for review the findings of fact or the evidence on which they are based. * * * When there is no exception to the findings of fact by the court, the facts found will be assumed correct and supported by the evidence. * * *" 1 Strong, N.C. Index 2d, Appeal and Error, § 28. It is also well settled that an exception to the judgment raises two questions of law, (1) whether the facts found are sufficient to support the conclusions of law and support the judgment and (2) whether there is error appearing on the face of the record proper. 1 Strong N.C. Index 2d, Appeal and Error, § 26.
Defendants' assignment of error number one is to the following finding:
"That the establishment of a paved service road across the entire western front of defendants' property with access to the primary highway system at a point approximately .7 of a mile South of defendants' property is reasonable access and does not constitute taking and the defendants are not to be compensated for any loss of direct access to the Highway system."
Although the court in its order stated, with respect to the above finding, "the Court concludes as a matter of law," it is a mixed question of law and fact and is subject to review on appeal. Brown v. Charlotte-Mecklenburg Board of Education, 269 N.C. 667, 153 S.E.2d 335. It was proper for the judge under G.S. § 136-108 to make such a determination of fact and law. The facts in this mixed question of law and fact are supported by the evidence. The findings support the conclusion of law. In North Carolina State Highway Commission v. Nuckles, 271 N.C. 1, 155 S.E.2d 772, there is a good discussion by Justice Sharp of the law applicable to the taking of access in highway eminent domain cases.
Appellants contend that the trial court committed error in holding that access to U. S. Highway #29 at a point approximately seven-tenths of a mile South of defendants' property is reasonable access. Appellants argue that the construction of an entrance from the service road only at the south end does not give appellants reasonable access.
In State Highway Commission v. Raleigh Farmers Market, Inc., 263 N.C. 622, 139 S.E.2d 904, the Supreme Court said:
"If the abutting owner is afforded reasonable access, he is not entitled to compensation merely because of circuity of travel to reach a particular destination."
The main question involved in the case under consideration is that of reasonable access. We are of the opinion that the paved service road extending seven or eight hundred feet North of and seventenths of a mile South of defendants' property, where there is an entrance and access at this southern point to both the north and southbound lanes of U. S. Highway #29, is reasonable access. The defendants are therefore not entitled to compensation for the loss of direct access to Highway #29 where the highway abuts their property.
The principle of law involved herein is stated as follows in 3 Strong, N.C. Index 2d, Eminent Domain, § 2:
"When plaintiffs are given access to the main highway by means of a service road abutting their property, the fact that the main highway is changed into a non-access highway does not constitute a *305 `taking' of plaintiffs' property, either in depriving plaintiffs of direct access to the highway or in diminishing the flow of traffic having direct access to plaintiffs' property, the inconvenience resulting from the necessity of using a more circuitous route and any diminution in value to plaintiffs' property being incident to the exercise of the police power and damnum absque injuria."
Defendants cite the case of Prestige Realty Co. v. State Highway Commission, 1 N.C.App. 82, 160 S.E.2d 83, as authority for their contentions herein. That case is distinguishable from the case under consideration. The Realty Company case involved the interpretation of a right-of-way agreement which granted to the property owner the right of access at a specific point on the highway. The court there held:
"The petitioner, by virtue of the agreement between the Highway Commission and its predecessors in title, had an easement for direct access to the highway at the designated point. If the Commission has destroyed this property right, the petitioner is entitled to just compensation for any damage it may have suffered."
We have examined the record herein and find no prejudicial error appearing on the face of the record. The findings of fact and conclusions of law support the order entered herein.
Affirmed.
CAMPBELL and MORRIS, JJ., concur.