CITY OF WINSTON-SALEM v. DONALD R. ROBERTSON AND WIFE, ALICE F. ROBERTSON

No. 8621SC169

(Filed 1 July 1986)

**Municipal Corporations § 33.4— closing of driveway by city—no taking requiring compensation**

> Plaintiff's mere approval of defendants' driveway location in 1969 was not an agreement between the parties but a regulatory action taken by plaintiff for safety purposes which could not be compared with a right-of-way agreement in which the property owner reserved access at a particular point; thus, the trial court erred in finding that plaintiff's closing of defendants' driveway amounted to a taking which required compensation by plaintiff.

APPEAL by plaintiff from *Wood, Judge.* Order entered 18 November 1985 in Superior Court, FORSYTH County. Heard in the Court of Appeals 11 June 1986.

In 1969 defendants purchased a lot on the corner of Akron Drive and Ogburn Avenue in the City of Winston-Salem and constructed thereon a convenience store with gasoline pumps. Prior to constructing the store, defendant-husband presented a map of the proposed improvements to an official from the City of Winston-Salem, Department of Public Works, Streets Division. Defendant-husband sought plaintiff-City's approval of driveway locations on the lot. Plaintiff-City approved the map which provided for four driveways from city streets to defendants' property, one driveway each on Mentor Street and Akron Drive, and two driveways on Ogburn Avenue.

On 17 January 1984 plaintiff-City brought this condemnation action against defendants to acquire a permanent right-of-way and a construction easement for widening Akron Drive and improving the Akron Drive/Ogburn Avenue intersection. A hearing was held on 1 July 1985 to determine whether plaintiff-City's plan to close one of the two entrances to defendants' property on Ogburn Avenue pursuant to the modification and improvement of the Akron Drive/Ogburn Avenue intersection was a taking which required compensation or a legitimate exercise of plaintiff-City's police power which did not require compensation. The court concluded that there was a taking and ordered plaintiff-City to pay defendants just compensation for the closing of the driveway. From the order entered, plaintiff-City appeals.

*Womble Carlyle Sandridge & Rice, by Roddey M. Ligon, Jr., and Gusti W. Frankel, for plaintiff appellant.*

*Allman, Spry, Humphreys and Armentrout, by C. Edwin Allman and James W. Armentrout, for defendant appellees.*

WHICHARD, Judge.

Plaintiff-City contends the court erred in failing to find that closing one of defendants' two driveways on Ogburn Avenue represents a legitimate exercise of plaintiff-City's police power which does not require compensation. Defendants concede that ordinarily such action by the City "in eliminating one of the two ingress and egress ways from [Ogburn Avenue] would be a legitimate use of the City's police power." However, citing *Petroleum Marketers v. Highway Commission*, 269 N.C. 411, 152 S.E. 2d 508 (1967), defendants contend, in essence, that the court did not err in finding a taking because plaintiff-City's approval for these driveway locations in 1969 constituted a binding agreement between the parties fixing access to Ogburn Avenue at those points.

We hold that the question is controlled by *Haymore v. Highway Comm.*, 14 N.C. App. 691, 189 S.E. 2d 611, *cert. denied*, 281 N.C. 757, 191 S.E. 2d 355 (1972). In *Haymore* this Court held that the granting of a driveway permit by the State Highway Commission did not vest an irrevocable property right in plaintiff-landowners which could not thereafter be taken without compensation. 14 N.C. App. at 695-96, 189 S.E. 2d at 614-15. The Court reasoned:

> It is true that compensation must be paid where under a right-of-way agreement the owner retains the right of access at a particular point and is subsequently refused access at that point. *Petroleum Marketers v. Highway Commission*, 269 N.C. 411, 152 S.E. 2d 508; *Kirkman v. Highway Commission*, 257 N.C. 428, 126 S.E. 2d 107; *Williams v. Highway Commission*, 252 N.C. 722, 114 S.E. 2d 782; *Realty Co. v. Highway Comm.*, 1 N.C. App. 82, 160 S.E. 2d 83. In such instances, the right of continuing access at a particular point is a property right acknowledged by the State as a part of the consideration for the right-of-way agreement. The granting of an application for a driveway permit is not a contract. It is a regulatory action taken by the State for safety purposes and

cannot be compared with a right-of-way agreement in which the property owner reserves access at a particular point. *Id.* at 696, 189 S.E. 2d at 615. The Court also stated:

[T]he Commission requires driveway permits for the purpose of assuring that a proposed driveway will be constructed in a safe manner and so as not to endanger travel upon the highway. This is an exercise of the general police power, and the granting of the permit does not vest an irrevocable property right in the property owner.

*Id.* at 695, 189 S.E. 2d at 614-15.

Following *Haymore*, we hold that plaintiff-City's mere approval of defendants' Ogburn Avenue driveway location in 1969 was not an "agreement" between the parties but "a regulatory action taken by [plaintiff-City] for safety purposes [which] cannot be compared with a right-of-way agreement in which the property owner reserves access at a particular point." *Id.* The trial court thus erred in finding a taking which required compensation by plaintiff-City. Accordingly, the order is reversed, and the cause is remanded for entry of an order in favor of plaintiff-City.

Reversed and remanded.

Judges PHILLIPS and MARTIN concur.