DEPARTMENT OF TRANSPORTATION v. RAY HARKEY, JOHN REAVIS & CHARLES SULLIVAN, AS TRUSTEES OF SOUTHSIDE BAPTIST CHURCH

No. 8118SC838

(Filed 4 May 1982)

**Eminent Domain § 2.4— limited access highway—reasonable access to church property**

The building of a limited access highway abutting church property did not constitute a taking of all reasonable and adequate access to and from the church property so as to entitle the church to compensation under G.S. 136-89.53 where the court found that the Department of Transportation plan included the construction and improvement of local traffic roads and that such roads would provide adequate alternative access from the church to the new highway.

Judge WEBB dissenting.

APPEAL by defendants from *Collier, Judge*. Judgment entered 7 May 1981 in Superior Court, GUILFORD County. Heard in the Court of Appeals 1 April 1982.

This action originated as a condemnation proceeding by which the N.C. Department of Transportation (DOT) sought to appropriate a strip of property owned by Southside Baptist Church

for a highway right-of-way. The order from which defendants here appeal was entered following a hearing conducted pursuant to G.S. 136-108 in which the issue was whether the building of a limited access highway abutting property of Southside Baptist Church constituted a taking of all reasonable and adequate access from the church property.

DOT presented evidence that its plan included street building and improvement which would provide adequate alternative access routes for the church, although direct access to the new highway from the church property would not be provided.

Defendants' evidence was that the alternative routes required church goers to travel approximately one mile further, partially through residential streets.

The trial court found that access to the church would be less convenient after the new highway was built, but that local traffic roads would provide "reasonable and adequate" access. Defendants appeal from this finding.

*Attorney General Edmisten, by Special Deputy Attorney General James B. Richmond, for plaintiff appellee.*

*Turner, Rollins, Rollins & Clark, by Walter E. Clark, Jr., and Clyde Rollins, for defendant appellants.*

ARNOLD, Judge.

Defendants' only assignment of error is that the trial court erred in its conclusion that the church would have reasonable and adequate access to the proposed highway abutting its property. Defendants contend that the route to be provided is so circuitous and inconvenient as to entitle them to compensation under G.S. 136-89.53 which provides:

Section 136-89.53. New and existing facilities; grade crossing eliminations.

The Department of Transportation may designate and establish controlled-access highways as new and additional facilities or may designate and establish an existing street or highway as included with a controller access facility. When

an existing street or highway shall be designated as and included within a controlled access facility, *the owners of land abutting such existing street or highway shall be entitled to compensation for the taking or injury to their easements of access* (emphasis added) . . . .

In claiming a right to compensation under this statute, defendants rely heavily on *Smith Co. v. Highway Commission,* 279 N.C. 328, 182 S.E. 2d 383 (1971). The *Smith* court held an abutting property had been denied its right of access when the only available route to the adjacent highway was "by circuitous travel over residential streets." The court qualified its holding, however, by citing the long-standing rule that ". . . the owner is not entitled to compensation merely because of circuity of travel. . . ." (Citations omitted.) *Id.* at 334, 182 S.E. 2d at 387. This apparent inconsistency can be resolved by reference to an earlier opinion by Chief Judge Mallard of this Court who pointed out that the main question in cases such as this one concerns the reasonableness of the substitute access provided. *Highway Commission v. Rankin,* 2 N.C. App. 452, 163 S.E. 2d 302 (1968). Clearly, a determination of what is reasonable in any given case must be made in view of the particular facts and circumstances of that case.

We find the case at bar to be factually distinguishable from *Smith* in that *Smith* involved a commercial property rather than a church. Moreover, there is evidence that the State has made a greater effort to provide adequate alternative access routes in this case than in *Smith.* These factual distinctions were properly for the trial court to consider in arriving at its final judgment.

Defendants clearly are entitled to full compensation for any diminution in the market value of their property resulting from the highway project as well as for the value of the strip of land actually appropriated by DOT. With regard to the claim before us on appeal, however, we find sufficient evidence in the record to support the trial court's conclusion that defendants are not entitled to damages for loss of access.

Affirmed.

Judge CLARK concurs.

Judge WEBB dissents.

Judge WEBB dissenting.

I dissent from the majority. I believe that under the holding of *Smith Co. v. Highway Comm.*, 279 N.C. 328, 182 S.E. 2d 383 (1971), the defendants' access to the street has been injured for which they are entitled to compensation. I do not believe that the fact that commercial property was involved in *Smith* is a distinction which should make a difference. I vote to reverse.