ROBERT FRANDER AND WIFE, VIRGIE FRANDER v. BOARD OF TRANSPORTATION

No. 8212SC1150

(Filed 7 February 1984)

Eminent Domain § 2.3— elimination of direct access to highway — compensation for a taking

Where the evidence supported a finding that the expansion of a highway replaced plaintiffs' former direct access to the main highway with a gravel drive to what is now a dead-end street, there was a taking of plaintiffs' property which required compensation. It is established in this State by statute and case law, when all direct access has been eliminated, there has been *pro tanto* a taking. G.S. 136-108; G.S. 136-112.

APPEAL by defendant from *Herring, Judge.* Judgment entered 1 June 1982 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 23 September 1983.

This is an inverse condemnation proceeding instituted by plaintiffs to recover just compensation for an alleged taking of a compensable interest in their real property. Pursuant to G.S. 136-108 the trial court, without a jury, heard all issues raised by the pleadings except for the issue of damages. From the trial court's preliminary judgment holding that defendant Board of Transportation has taken a compensable interest in the plaintiff's property, Board of Transportation (hereafter BOT) appeals.

*Attorney General Edmisten, by Special Deputy Attorney General James B. Richmond, for defendant appellant.*

*Nance, Collier, Herndon and Ciccone, by James R. Nance, Sr. and James R. Nance, Jr., for plaintiff appellees.*

JOHNSON, Judge.

We note initially that defendant has failed to comply with Rule 12(a) of Rules of Appellate Procedure, which requires filing of the record on appeal no later than 150 days after giving notice of appeal. The trial judge announced his decision in open court on 1 June 1982, and BOT immediately gave oral notice of appeal. (The formal written judgment was signed 7 June 1982.) BOT did not file the record in this Court until 3 November 1982, some 155 days after judgment. Ordinarily the violation of the 150 day requirement would deprive the aggrieved party of his right to appeal and we would dismiss the appeal. *See State v. Ward,* 61 N.C. App. 747, 301 S.E. 2d 507 (1983). Nevertheless, we exercise our discretion and consider the merits.

The undisputed facts are as follows: The plaintiffs are owners of a house and lot in Fayetteville. Their property is situated in the northeastern corner of the intersection of, and abuts upon, Owen Drive and Terry Circle. Owen Drive runs north and south, and prior to the construction in question, it was a main-traveled thoroughfare. Terry Circle runs east and west. Plaintiffs' house and attached carport face Owen Drive on its east side. The driveway runs westerly from the carport to Owen Drive. Without using or acquiring any of plaintiffs' property, BOT constructed a controlled access Owen Drive Expressway (hereafter Expressway) opposite the front of plaintiffs' property. The Expressway runs northwesterly of and obliquely to Owen Drive where Owen Drive

abuts plaintiffs' property. In constructing the Expressway, BOT abandoned much of Owen Drive. Beginning at a point 30 feet north of plaintiffs' property and continuing south some 99.6 feet along the frontage of plaintiffs' property to Terry Circle, Owen Drive was plowed up and the pavement totally removed. An open ditch was constructed at the north and south ends of this abandoned section of Owen Drive. BOT also constructed a chain link fence between plaintiffs' property and the Expressway. The fence is constructed on the right-of-way of the east side of Owen Drive and runs for the distance of the frontage of plaintiffs' property onto and along a portion of the north side of Terry Circle. The effect of this construction totally prevents direct access from plaintiffs' property onto the main travel lanes of Owen Drive and the main travel lanes of the Expressway. After construction of the Expressway, Terry Circle continues to intersect on grade with the Expressway. By way of the gravel drive the plaintiffs are required to take a more inconvenient and circuitous route between their driveway and the main travel lanes of the Expressway. In its preliminary judgment, after making findings of fact, the trial judge concluded as a matter of law "that there has been substantial and unreasonable interference with plaintiffs' right of access onto Old Owen Drive and onto the limited access Owen Drive Expressway and that such constitutes the taking of a property right for which compensation must be paid."

The recent decision of the Supreme Court in *Department of Transportation v. Harkey*, 308 N.C. 148, 301 S.E. 2d 64 (1983) is dispositive of this appeal. There the Court stated: "[I]t is established in this state by statute and case law, when all direct access has been eliminated, there has been *pro tanto* a taking . . . ." 308 N.C. at 155, 301 S.E. 2d at 69. Here the court found, and the evidence supports its findings, that the expansion replaced plaintiffs' former direct access to the main highway with a gravel drive to what is now a dead-end street. These findings are conclusive on appeal, *Little v. Little*, 9 N.C. App. 361, 176 S.E. 2d 521 (1970), and they establish that a taking occurred. *Harkey, supra.*

We note that under the rule established in *Harkey*, an exception is recognized, and that is, where a service road is provided as a substitute for the former direct access no taking occurs. 308 N.C. at 156-58, 301 S.E. 2d at 69-71. Defendant does not contend, nor does the record justify a conclusion, that the narrow gravel

Frander v. Board of Transportation

driveway provided is a "local traffic lane" equivalent to a service road. *Id; see also Highway Commission v. Nuckles,* 271 N.C. 1, 155 S.E. 2d 772 (1967).

Defendant attempts to show that the availability of a less convenient route precludes a taking. However, "the availability and reasonableness of any other access goes to the question of damages and not to the question of liability for the denial of access." *Harkey, supra,* 308 N.C. at 155, 301 S.E. 2d at 69. "[W]hen all direct access is taken no inquiry into the reasonableness of alternative access is required to determine liability." *Id.* at 155-56, 301 S.E. 2d at 69. Therefore, the only question which remains is that of the amount of damages, which a jury will determine in accordance with the statute. G.S. §§ 136-108; 136-112. Defendant's contention will be appropriate at that time.

The evidence supports the findings of fact, the findings support the conclusions of law, and the judgment must therefore be

Affirmed.

Judges BECTON and BRASWELL concur.